UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 10-00128 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SALVADOR GONZALEZ-HERNANDEZ | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant Salvador Gonzalez-Hernandez's "Motion in Limine to Exclude the Use of Testimony and/or Evidence at Trial" ("Motion in Limine") [Doc. No. 48].

The Government has filed a "Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) of the Federal Rules of Evidence" [Doc. No. 46] and a Response in Opposition to Defendant's Motion in Limine [Doc. No. 49].

For the following reasons, Defendant's Motion in Limine is GRANTED.

## ALLEGED FACTS

Defendant is charged in a one-count Indictment as follows:

> On or about April 13, 2010, in the Western District of Louisiana, the defendant, SALVADOR GONZALEZ-HERNANDEZ, did knowingly and intentionally possess with the intent to distribute 5 kilograms and more of a mixture or substance containing a detectable amount of cocaine, both Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(ii).
> [21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)]

[Doc. No. 1]. Thus, the only charge against Defendant in this Court is that of possession of over 5 kilograms of cocaine.

The Government contends the evidence will show that, on April 13, 2010, Defendant was arrested during a traffic stop on Interstate 20 by Ouachita Parish Sheriff deputies after the deputies

discovered over 46 kilograms of cocaine hidden inside a secret compartment in the trailer attached to the tractor-trailer Defendant was driving.

## LAW AND ANALYSIS

In anticipation that the Defendant will defend this case by claiming a lack of intent and knowledge of the cocaine in the trailer, the Government seeks to introduce evidence of Defendant's unrelated arrest for possession with intent to distribute cocaine in violation of Arizona law, in Yuma, Arizona, in 1992. The Government seeks to call as a witness at trial the case agent who also served as the undercover agent during Defendant's 1992 arrest. The agent would "testify from personal knowledge of the facts of [the 1992 arrest] and . . . identify the defendant based on his personal knowledge of the defendant's involvement in the negotiations and distribution of the cocaine." [Doc. No. 49].

Defendant's 1992 charge was dismissed, but the reason for the dismissal is disputed. Defendant asserts that 1992 charge was "dismissed because the government, based upon information and belief, misidentified the Defendant as the person who had participated in the drug transaction." [Doc. No. 48-2]. The Government contends that the 1992 charge was dismissed because the co-defendant in that case was Defendant's nephew and refused to testify against his uncle, and that "[t]he State elected to decline prosecution of the defendant based on prosecutorial discretion, and not because of any mistake or misidentification." [Doc. No. 49].

Defendant argues that the Government should not be allowed to introduce evidence of his 1992 arrest because Defendant will be unfairly prejudiced by "the unavailability of impeachment witnesses and/or documentation that would counter the undercover agent's testimony" and that a limiting instruction would not remedy the prejudice he would suffer by the admission of such evidence. [Doc. No. 48-2]. Defendant argues that he "received a letter from the Yuma County

Attorney's Office, after the charges against him were dismissed confirming that the arrest had been a mistake," but that "after nearly eighteen (18) years the letter's whereabouts are unknown at this time;" that he has requested information concerning his 1992 arrest from the Yuma County Attorney's Office, but he "does not reasonably believe the information will be provided prior to trial due to the fact that the case is nearly 18 years old;" and that, although he has issued a subpoena for the prosecutor over the 1992 arrest to testify in this case, "due to the 18 year lapse in time, [the prosecutor] may not have any recollection of the events in question." *Id*.

Federal Rule of Evidence 404(b) provides that evidence of other crimes or acts is not admissible to prove the character of a person, but may be admissible to prove, among other things, knowledge or the absence of mistake. FED. R. EVID. 404(b). The danger involved in admitting such evidence is that the jury will convict the defendant, not for the offense charged, but based on the extrinsic evidence. *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978). Therefore, extraneous-acts evidence is only admissible if (1) the evidence is relevant to an issue other than the defendant's character, and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Id.* at 911 (citing FED. R. EVID. 403).

It is clear that evidence of Defendant's 1992 arrest is extrinsic to the facts of this case and that the Government could establish by a preponderance of the evidence that Defendant possessed with the intent to distribute cocaine in 1992. Evidence related to Defendant's 1992 arrest is relevant to whether Defendant had the intent and knowledge to commit the offense in this case. However, although relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendant.

Because of the time that has passed since the 1992 arrest, the probative value of the

agent's identification testimony is considerably low. For the same reason, Defendant would be unfairly prejudiced by the agent's testimony. Defendant would have difficulty producing highly probative contrary evidence that his charges were dropped in 1992 because he was misidentified by the agent. Furthermore, a limiting instruction to the jury would not diminish or cure the danger of unfair prejudice. Finally, evidence of the 1992 arrest would create a trial within a trial and potentially confuse the issues and mislead the jury.

Therefore, Defendant's Motion in Limine [Doc. No. 48] is GRANTED.

MONROE, LOUISIANA, this 29th day of December, 2010.

*Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE